UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X
:
SANDER SABA, :
:  20-cv-5859 (LJL)
            Plaintiff(s), :
: CASE MANAGEMENT PLAN AND
    -v- : SCHEDULING ORDER
:
ANDREW M. CUOMO, *in his official* :
*capacity as Governor of the State of New* :
*York*; and MARK J. F. SHROEDER, *in his* :
*official capacity as Commissioner of the* :
*New York State Department of Motor* :
*Vehicles*, :
:
            Defendant(s). :
---------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1. All parties [consent _____ / do not consent __**X**__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. The parties [have __**X**__ / have not _____] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3. The parties [have __**X**__ / have not _____] engaged in settlement discussions.

4. Any motion to amend or to join additional parties shall be filed no later than <u>May 7, 2021</u>. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] <u>Note</u>: Pursuant to Paragraph 3(B) of the Court's Individual Practices in Civil Cases, the Court will deny a motion to dismiss, as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer; (b) file a new motion to dismiss; or (c) submit a letter-motion stating that it relies on the initially-filed motion to dismiss in which event the Court will treat the initially-filed motion to dismiss as a new motion to dismiss the amended pleading.

    **Pursuant to Paragraph 2(J) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter**

> accompanying the initial motion.  At the Initial Pretrial Conference, parties should come prepared to discuss a proposed briefing schedule for any anticipated motion.

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than <u>May 24, 2021</u>.  [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

6. All fact discovery is to be completed <u>on a bifurcated basis.  The parties agree that "**Phase 1 Discovery**" will be limited to the fact discovery related to the merits of summary judgment and be completed no later than June 25, 2021.  The parties also agree that there will be a separate "**Phase 2 Discovery**" limited to fact discovery related to the determination of remedies, and agree that specific deadlines for Phase 2 Discovery should be addressed at a "**Phase 2 Meet-and-Confer**" within one week of Phase 2 Discovery opening.</u>

    <u>The parties, however, disagree on when Phase 2 Discovery should open.  *Plaintiff's Position*: Phase 2 Discovery should open the day after Phase 1 Discovery closes, i.e., June 28, and be completed by October 7 so the parties can be ready to brief any remedies issues shortly after a merits decision.  *Defendants' Position*: Whether and when Phase 2 Discovery should begin must await the Court's summary judgment decision as Phase 2 Discovery may be unnecessary should Defendants prevail.</u>  [*A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.  The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

**<u>NOTE ON COVID-19 EMERGENCY PROCEDURES:</u>**

**Until further notice, and pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means.  This does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer.  For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.**

**Nothing in the above-mentioned rule prevents parties from seeking to modify any pretrial schedule in light of the COVID-19 pandemic (or for any other good cause).  Prior to seeking such relief, the parties must, as always, attempt to meet and confer (via remote means) in a good faith effort to reach agreement.**

2

**Parties are instructed to consult the Court's COVID-19 Emergency Individual Practices in Civil and Criminal Cases for additional guidance on procedures in place at this time.**

    a.    Initial requests for production of documents shall be served by <u>May 17, 2021 for Phase 1 Discovery, which shall be limited to 5 requests, and for Phase 2 Discovery on terms to be determined at the Phase 2 Meet-And-Confer.</u>

    b.    Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be <u>waived for Phase 1 Discovery and for Phase 2 Discovery served by a deadline to be determined after the Phase 2 Meet-And-Confer.</u> [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

    c.    Contention interrogatories pursuant to Rule 33.3(c) of the Local Rules of the Southern District of New York <u>shall be waived for Phase 1 Discovery and for Phase 2 Discovery served by a deadline to be determined after the Phase 2 Meet-And-Confer.</u>

    d.    Depositions shall be <u>limited in Phase 1 to a single deposition of the Plaintiff on a mutually agreeable date within the period specified for Phase 1 Discovery and completed for Phase 2 Discovery by a date and on terms to be determined at the Phase 2 Meet-And-Confer.</u>

    e.    Requests to Admit shall be served no later than <u>May 17, 2021 for Phase 1 Discovery and for Phase 2 Discovery on terms to be determined at the Phase 2 Meet-And-Confer.</u>

8. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be <u>completed for Phase 1 Discovery by June 25, 2021 (expert disclosures and report served by May 24, 2021; any rebuttal reports served by June 11, 2021; and any expert depositions completed by June 25, 2021) and for Phase 2 on a date and on terms to be determined after the Phase 2 Meet-and-Confer.</u> [*Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.*]

9. All discovery shall be completed <u>for Phase 1 Discovery no later than June 25, 2021. The Parties disagree on the completion date for Phase 2 Discovery. *Plaintiff's position*: Phase 2 Discovery should be completed by October 7, 2021; *Defendants' position*: Phase 2 Discovery should be completed, if necessary, on a schedule determined after the Court's summary judgment decision.</u>

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than [**TO BE SET BY COURT**].

11. A post-discovery status conference shall be held on: [**TO BE SET BY COURT**].

12. Any motions for summary judgment must be filed no later than <u>July 16, 2021, with opposition papers due no later than August 13, 2021, and reply papers due no later than August 27, 2021.</u>  [*Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery.*]

13. This case [is _____ / is not **X**  ] to be tried to a jury.

14. The parties have conferred and their present best estimate of the length of trial is **3-4 days**.

15. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a.    **X**    Referral to a Magistrate Judge for settlement discussions.

    b.    _____    Referral to the Southern District's Mediation Program.

    c.    _____    Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.
    **N/A**

Counsel for the Parties:

| Hannah Y. L. Chanoine, O'Melveny & Myers LLP | Andrew Amer, Special Litigation Counsel |
| Dimitri Portnoi, O'Melveny & Myers LLP | New York State Office of the Attorney General |
| Carl S. Charles, Lambda Legal | 28 Liberty Street |
| Omar Gonzalez-Pagan, Lambda Legal | New York, NY 10005 |

Dated: _____
       New York, New York

                                          _____
                                                    LEWIS J. LIMAN
                                               United States District Judge