UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANDER SABA,

               Plaintiff,            :  20-cv-05859 (LJL)

  - against -                       :  Stipulation and [Proposed] Order
                                                            :  Staying Case
ANDREW CUOMO, in his official capacity as
Governor of the State of New York, *et al.*,

               Defendants.
------------------------------------------------------------X

This STIPULATION AND [PROPOSED] ORDER STAYING CASE ("Stipulation") is made by and between Plaintiff Sander Saba and Defendants Andrew M. Cuomo, sued in his official capacity as Governor of New York State ("Governor"), and Mark J. F. Schroeder, sued in his official capacity as Commissioner of the New York State Department of Motor Vehicles ("Commissioner") (collectively, "Parties").

## RECITALS

    A.    On July 28, 2020, Plaintiff filed a complaint in this Court (Case No. 1:20-CV-05859) against Defendants (ECF No. 1) ("Complaint"), alleging that Plaintiff's inability to obtain a New York driver's license with a non-binary "X" gender identification marker and the requirement on the New York driver's license application form that an applicant choose a gender identifier of either "male" or "female" violated Plaintiff's rights under the Equal Protection Clause, Due Process Clause, and First Amendment of the U.S. Constitution and § 297 of the New York Human Rights Law (the "Action").

    B.    On October 30, 2020, Defendants moved to dismiss the Complaint on mootness and Eleventh Amendment grounds. By Opinion and Order dated April 23, 2021, the Court denied in part and granted in part Defendants' motion.

  C. On May 10, 2021, Plaintiff filed a First Amended Complaint (ECF No. 48) ("FAC").

  D. On May 13, 2021, the Court issued a Case Management Plan and Scheduling Order (ECF No. 49) ("CMP") setting forth dates for an initial phase of discovery to address the merits of Plaintiff's claims asserted in the FAC, followed by a briefing schedule for summary judgment motions, with a second phase of discovery addressing remedies to be scheduled, as necessary, following the Court's decision on summary judgment.

  E. Governor Cuomo has instructed Commissioner Schroeder to implement an official policy change at DMV to permit an applicant for a driver's license to select an "X" gender identification marker. During the course of the instant litigation, Defendants disclosed that the DMV is currently in the process of modifying the DMV's decades-old legacy computer system to allow an applicant for a driver's license to select an "X" gender identification marker, including through the creation in DMV's database of a license record associated with a driver's license without the need for a Motorist Identification ("MI") number, which can only be established within DMV's system by using a binary input for gender of "0" or "1," corresponding to "male" or "female," respectively.

  F. This project ("Modification Project") has a current implementation date of May 24, 2022 ("Implementation Date") for driver's license applications and renewals – meaning that is the date when DMV will begin processing applications at all its issuing offices to allow existing applicants to amend their license to reflect an "X" gender marker option and to allow applicants not already in the DMV system to receive a new license with an "X" gender marker option. The changes associated with this Implementation Date include, among other things, the following: (i) amendments to form MV-44 to allow applicants to select a non-binary gender option and

replacing versions of form MV-44 available on the DMV's website or as forms are replaced in the ordinary course of business or when requested by an applicant seeking a non-binary option at DMV's offices with this amended MV-44; (ii) making available for non-binary applicants a driver's license with a gender marker that accurately reflects a non-binary applicant's gender at all DMV locations without requiring documentation of the applicant's non-binary gender identity beyond the applicant's self-certification; (iii) recording and reflecting a non-binary gender marker within DMV's computer system used by DMV staff to reference and update licenses; and (iv) for customers who have chosen the non-binary gender marker, that option will be displayed on the DMV license abstract obtained by third parties like law enforcement entities and insurance companies, to the exclusion of any binary gender identifier.

G. Additionally, on June 10, 2021, the New York State Legislature passed the Gender Recognition Act, which will be sent to Governor Cuomo for his signature. The Gender Recognition Act seeks to amend New York Vehicle and Traffic Law § 502(1) to provide that any New York driver's license "shall display the sex designation of M, F, or X as certified by the applicant" for the license "with no additional documentation required," and that an applicant may "amend the sex designation of their driver's license upon request," with any such "change … made consistent through all affiliated records within the control of the" DMV. *See* A.B. A5465D § 9. If signed by Governor Cuomo, the Gender Recognition Act would take effect 180 days after becoming law.

H. In light of the passage of the Gender Recognition Act and the reported progress on the DMV's Modification Project, the Parties seek to avoid the expense and effort of litigating this Action by agreeing to an interim stay pending the Implementation Date, subject to Defendants providing monthly updates on the progress of the Modification Project and Plaintiff's right to

3

resume litigating the case under the CMP in the event that either: (1) the Implementation Date is materially delayed; or (2) the Gender Recognition Act is not enacted into law.  Otherwise, Plaintiff shall voluntarily dismiss the Action shortly after the Implementation Date.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation, Plaintiff and Defendants hereby agree as follows:

1. **No Admission of Liability or Mootness**

This Stipulation and any actions taken pursuant to it are made solely to avoid the burdens and expenses of protracted litigation and shall not constitute an admission of wrongdoing or liability, nor is it a concession that either the Gender Recognition Act or the Modification Project fully remedy the harms that Plaintiff alleges in the FAC.

2. **Defense of Future Proceedings**

This Stipulation shall not in any manner be construed as determinative of the issues raised in the FAC, and shall not be deemed a determination on the merits of claims raised in the FAC.  Further, this Stipulation does not represent or reflect the legal position of Plaintiff or Defendants concerning the alleged violations of law.  In addition, notwithstanding the provisions of any paragraph herein, this Stipulation shall not bind or collaterally estop the Parties; the State of New York; or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, in this Action if the stay is lifted and the case proceeds to be litigated, or in any pending or future actions or proceedings in which the same or similar issues are raised, from prosecuting or defending any and all issues raised, or from

advancing any claims or defenses.

3. **Defendants' Undertaking**

For and in consideration of the undertakings by Plaintiff set forth in this Stipulation, Defendants hereby agree to provide to Plaintiff by the first week of every month during the pendency of the stay a copy of the then-current DMV Gender X Legacy Implementation Chart ("Implementation Chart"), a version of which was previously produced as part of Defendants' initial disclosures bearing Bates Stamp No. SABA – OAG – 001024-25, which is attached to this Stipulation as Exhibit A.

4. **Defendants' Representations and Warranties**

Defendants represent and warrant the following, understanding that each of the following representations and warranties are a material condition of Plaintiff entering this Stipulation:

a. The Implementation Chart that Defendants provide under Paragraph 3 above shall be an accurate reflection of Defendants' good-faith belief of the current status of the Modification Project.

b. In particular, the "implementation" section under the "License-Finance" section (Line ID 106) reflects Defendants' good-faith belief of the current status of implementing the Modification Project, including all elements in Recital F.

c. The "start date" in Line ID 106 reflects Defendants' good-faith belief of the date they expect the full implementation of all elements in Recital F.

d. Line ID 106 shall not be marked "Complete" until all elements in Recital F are fully implemented.

5. **Stay Terms and Conditions**

Upon execution of this Stipulation, the Parties agree to submit this Stipulation to the Court to be "so ordered." Upon approval by the Court, all discovery and motion practice prescribed by the CMP is suspended subject to the following conditions and rights of the Parties:

a. The stay shall remain in effect so long as: (i) the Implementation Chart provided to Plaintiff pursuant to Paragraph 3 above indicates a "start date" for implementation under the "License-Finance" section (line ID 106) no later than June 30, 2022; and (ii) Governor Cuomo has not vetoed the Gender Recognition Act or otherwise prevented its enactment into law through a pocket veto under Article IV Section 7 of the New York Constitution.

b. In the event that either (i) the Implementation Chart provided to Plaintiff pursuant to Paragraph 3 above indicates a "start date" for implementation under the "License-Finance" section (line ID 106) that is later than June 30, 2022 ("New Implementation Date"), or (ii) Governor Cuomo has vetoed the Gender Recognition Act or otherwise prevented its enactment into law through a pocket veto under Article IV Section 7 of the New York Constitution, Plaintiff may at their sole option elect to continue the stay or discontinue the stay and resume litigating the Action in accordance with the CMP, with the dates in the CMP to be adjusted to account for the period of time the stay was in effect. In the event Plaintiff elects to continue the stay despite a New Implementation Date, Plaintiff shall have the right to elect to continue the stay or resume litigating the Action in accordance with the CMP should any subsequent Implementation Chart provided to Plaintiff pursuant to Paragraph 3 above indicate that the New Implementation Date has been pushed back by more than one week.

c. Plaintiff shall exercise their election under Paragraph 4(b) above by e-filing a letter addressed to the Court setting forth Plaintiff's election within five (5) business days of receiving: (i) the Implementation Chart that triggers Plaintiff's right of election; or (ii) public announcement of Governor Cuomo's vetoing the Gender Recognition Act or otherwise preventing its enactment into law through a pocket veto under Article IV Section 7 of the New York Constitution.

6. **Voluntary Dismissal Upon Implementation**

In the event that DMV implements the State's new policy and begins offering applicants the option to obtain an "X" gender license as described in Recital F above, while the stay pursuant to this Stipulation is in effect, the Parties agree that Plaintiff shall voluntarily dismiss this Action, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) by filing a stipulation with the Court signed by all Parties within five (5) business days from the date DMV begins accepting applications for "X" gender driver's licenses as described in Recital F above.

IN WITNESS WHEREOF, the Parties hereto acknowledge that they have read this Stipulation and accept and agree to the provisions contained herein, and have each executed this Stipulation to be effective on the day and date indicated below.

Dated: New York, New York
       June 21, 2021

LETITIA JAMES
Attorney General
State of New York

Counsel for Defendants ANDREW M. CUOMO, sued in his official capacity, and MARK J. F. SCHROEDER, sued in his official capacity

By: _____
    Andrew Amer
    Special Litigation Counsel

28 Liberty Street
New York, NY 10005
(212) 416-6127

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC., and
O'MELVENY & MYERS LLP, as counsel
for Plaintiff SABA SANDERS

By: _____
    Carl Charles

Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000

SO ORDERED, this <ins>24th</ins> day of June, 2021.

_____
THE HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

The Clerk of Court is respectfully directed to stay the case. IT IS FURTHER ORDERED that the parties shall file a joint status letter with the Court by July 15, 2022 if the case is not dismissed by that date. SO ORDERED.